# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Antrell Fordham, #262332, ) | Civil Action No. 2:22-0724-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| J. Stoney Drake and Sergeant Hudson ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Before the Court is the Magistrate Judge's Report and Recommendation (R & R) that Plaintiff's motions to proceed in forma pauperis be denied. (Dkt. No. 9.) Plaintiff did not file an objection to the R & R. For the reasons set forth below, the Court adopts the R & R as the order of the Court and denies Plaintiff's motions.

## I.  Background

Plaintiff is currently serving state sentences for entering a bank with intent to steal and unlawful escape. *See* https://public.doc.state.sc.us/scdc-public/ (last visited March 31, 2022); *Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (district court may take judicial notice of public records). While incarcerated, he has filed numerous civil actions in this District, many of which were dismissed for failure to state a claim. *See, e.g.*, C/A No. 2:16-cv-0249-RMG, No. 2:16-cv-0945-RMG, No. 2:15-cv-0089-RMG, No. 2:13-cv-2596-RMG, No. 2:13-cv-0875-CMC, No. 8:06-cv-0807-CMC.  In the instant action, Plaintiff again brings a claim for violation of his constitutional right pursuant to 42 U.S.C. § 1983, alleging that he was deprived of personal property such as t-shirts, glasses, books and hygiene items while admitted to Kirkland Correctional Institution's psychiatric hospital in January 2022. (Dkt. No. 1.)

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. Discussion

Plaintiff has filed two motions to proceed in forma pauperis that are substantively identical. (Dkt. Nos. 2, 7.) The Magistrate Judge recommends denying the motions and the Court adopts the recommendation.

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner must bring "cognizable claims," or the Court may "dismiss the complaint, or any portion [thereof, that] is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The PLRA further limits the prisoner's ability to file civil actions without prepayment of the filing fees under what is known as the three-strikes rule, which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior

> occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

18 U.S.C. § 1915(g). In other words, "[w]hen a prisoner has previously filed at least three actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, the [PLRA's] 'three strikes' provision requires that the prisoner demonstrate imminent danger of serious physical injury in order to proceed without prepayment of fees." *McLean v. United States*, 566 F.3d 391, 393-94 (4th Cir. 2009). The Court has the authority to deny cost-free filing where the prisoner plaintiff is "abus[ing] the process of the courts" by filing repeat frivolous actions. *Graham v. Riddle*, 544 F.2d 133, 134-35 (4th Cir. 1977).

Here, Plaintiff has filed at least fifteen unsuccessful civil actions in this District, at least three of which have been found to constitute a "strike" under the PLRA. *See* C/A No. 2:16-0249-RMG at Dkt. No. 10, No. 2:16-cv-0945-RMG at Dkt. No. 10, No. 8:05-cv-2230-CMC at Dkt. No. 33. As a result, Plaintiff may here proceed in forma pauperis only upon a showing of imminent physical harm, which requires "specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006). Plaintiff has made no such showing here and his general allegations of "mental and physical anguish" or trouble eating and sleeping as a result of his persona items allegedly being withheld by prison staff are insufficient. Therefore, the three-strikes rule bars him from proceeding in forma pauperis.

**IV.  Conclusion**

For the reasons set forth above, the Court **ADOPTS** the R & R as the order of the Court. (Dkt. No. 9.) Plaintiff's motions to proceed in forma pauperis (Dkt. Nos. 2, 7) are **DENIED**.

-4-

Plaintiff is **hereby notified** that he may pay the filing fee on or before April 25, 2022. If Plaintiff pays the filing fee before that deadline, the Clerk is directed to refer this action back to the Magistrate Judge for further review. If Plaintiff does not pay the filing fee before the deadline, the Clerk is directed to enter judgment against Plaintiff and dismiss the complaint with prejudice pursuant to this order and 28 U.S.C. § 1915(g).

    **AND IT IS SO ORDERED.**

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

April 4, 2022  
Charleston, South Carolina